## In re SWANN GASOLINE COMPANY, et al., Debtors.

### Bankruptcy No. 84–01686 T.

United States Bankruptcy Court, E.D. Pennsylvania.

Feb. 22, 1985.

---

**1.** This Memorandum constitutes the findings of fact and conclusions of law as required by

Pace Reich, Philadelphia, Pa., James S. McNider, III, Norfolk, Va., for debtors.

Patrick C. Devine, Jr., Norfolk, Va., Kurt Althouse, Reading, Pa., for City of Chesapeake, Va.

Bonnie Glantz Fatell, Philadelphia, Pa., for Unsecured Cred. Comm.

### MEMORANDUM AND ORDER

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

Before us for disposition is the motion of the City of Chesapeake, Virginia ("Chesapeake") for relief from the automatic stay and for abstention.[1] The motion pertains to six of the Chapter 11 debtors whose cases are being jointly administered under Case No. 84–01686 T. The motion requests stay relief under 11 U.S.C. § 362(d)(1) so that, basically, Chesapeake's tax claims against the debtors can be brought and/or adjudicated in the Circuit Court of the City of Chesapeake, Virginia. The motion also asks us to abstain from determining the debtors' tax liability to Chesapeake in favor of such determination by the aforementioned Circuit Court. We shall deny the motion in both respects.

Regarding the abstention issue, 28 U.S.C. § 1334(c)(1), upon which Chesapeake relies, states:

"Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular *proceeding*

Bankruptcy Rule 7052.

arising under title 11 or arising in or related to a case under title 11." (Emphasis added).

In the present case, Chesapeake has filed proofs of claims against the debtors for their alleged tax liability to Chesapeake. However, the debtors have not filed any objections to the claims, although they may choose to do so in the future. Therefore, the claims are deemed allowed, at least thus far. 11 U.S.C. § 502(a). Thus, there is no "proceeding" before us from which to abstain (*See* 28 U.S.C. § 1334(c)(1), *supra*) with regard to Chesapeake's tax claims against the debtors. On this basis, we shall deny Chesapeake's request for abstention.

Regarding Chesapeake's request for stay relief, we note first that Chesapeake has assessed for taxes only one of the six debtors. There is only one action pending in the Circuit Court. That action was commenced pre-petition by the assessed debtor and another debtor (which was not assessed, but justifiably believed that it had possibly been assessed). The action challenges the validity of Chesapeake's assessment and was brought on December 30, 1983 merely as a protective action to toll the Virginia statute of limitations on challenges to tax assessments. Also, it is undisputed that the debtors' action was the only procedural recourse available to them under Virginia law to challenge the validity of the assessments. Chesapeake filed its answer thereto on or about January 19, 1984. As of the debtors' bankruptcy filings on May 25, 1984, absolutely nothing further had happened in the Circuit Court action—for example, no further pleadings had been filed, no discovery had been requested nor conducted, no hearings had been held, and no Judge had been assigned to the case.

In the prayer for relief of its motion, Chesapeake requests that we modify the automatic stay "to permit Movant properly to assess all of its local taxes, if necessary, and to further permit Movant to counterclaim, implead additional parties who are Debtors herein and file whatever additional affirmative pleadings may be necessary in order that all of the related tax claims against Debtors may be fully and finally heard in a single forum in the Circuit Court of the City of Chesapeake, Virginia, and to permit said Circuit Court to allow appropriate discovery of the parties, and to make and enter findings of fact, conclusions of law and a final judgment therein."

Chesapeake concedes that 11 U.S.C. § 505 specifically gives the bankruptcy courts the authority to determine a debtor's tax liability, whether or not the tax has been previously assessed. However, the major premise of Chesapeake's argument is that the pendency of the above-described action in Circuit Court would lead to a more expeditious and economical resolution of the debtors' tax liability than the resolution thereof in our Court. Indeed, the legislative history of § 362(d)(1) states that "a desire to permit an action to proceed to completion in another tribunal may provide another cause" for stay relief. H.R. No. 95–595, 95th Cong., 1st Sess. (1977), p. 343, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6300. However, the Circuit Court action is in such an incipient (yet dormant) state that its pendency is virtually irrelevant for § 362(d)(1) purposes. Also, taxes have not even been assessed against five of the six debtors, much less has any local court legal action occurred between them and Chesapeake. Finally, Chesapeake's above-quoted prayer for relief gives some indication of the legal gyrations that Chesapeake would expect to go through should its stay relief motion be granted. Therefore, we find that the pendency of the Circuit Court action, under the present circumstances, provides no basis for granting stay relief.

Apart from the question of the mere pendency of the Circuit Court action, Chesapeake has presented no substantial evidence that these tax liability matters could be heard more expeditiously and economically in the Circuit Court than in our Court.

It is also important to note, as the debtors point out, the undisputed fact that the Circuit Court is a court of general jurisdic-

tion, with no specialized expertise in tax matters.[2]

Also relevant to our decision denying stay relief is the consideration that, if the stay were lifted, any tax liability determinations made by the Circuit Court would not necessarily have res judicata or collateral estoppel effect as to our likely eventual determinations under 11 U.S.C. § 505. *See, e.g., In re Harris,* 7 B.R. 284 (D.C., S.D.Fla.1980). Furthermore, the lifting of the stay would not affect our responsibility potentially to determine the priority (which Chesapeake alleges) of Chesapeake's tax claims under 11 U.S.C. § 507. Therefore, we find that overall judicial economy would probably not be enhanced by granting relief from the stay.

For all of the foregoing reasons, we shall deny Chesapeake's motion as to both abstention and stay relief.

### ORDER

AND NOW, this 22nd day of February, 1985, it is ORDERED that the Motion of City of Chesapeake, Virginia for Relief from the Automatic Stay and for Abstention is hereby DENIED in all respects.

---

**2.** Although not critical to our decision, we also note that the Virginia tax liability issues raised by the parties, while not necessarily simple, are largely issues of fact. Those that are issues of law do not appear to be so esoteric or unusual that their resolution is peculiarly well-suited to the Virginia courts.