**In re FIEDEL COUNTRY DAY SCHOOL, Debtor.**

**Bankruptcy No. 881–83963–20.**

United States Bankruptcy Court, E.D. New York at Westbury.

Nov. 21, 1985.

Harvis & Zeichner, New York City (Nathan Schwed, of counsel), for Trustee James Barr.

Robert Pryor, Deputy Atty., Mineola, N.Y., for City of Glen Cove.

## DECISION AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

This matter came to be heard upon the objections of the trustee of this chapter 7 bankruptcy estate to both real estate taxes and obligations in lieu of taxes claimed by the City of. Glen Cove. The court finds that evidence is necessary to resolve the issues raised by the parties and hereby orders the parties to set this matter down for further hearing before the Honorable Cecelia H. Goetz in Hauppauge.

## FACTS

1. Debtor, as operator of a school and summer camp, had for many years enjoyed tax-exempt status in the City of Glen Cove. Despite its tax-exempt status, debtor made various payments to the City before this bankruptcy.

2. On December 16, 1981 debtor petitioned for bankruptcy reorganization under chapter 11 of the Bankruptcy Code.

3. On May 3, 1982, debtor sent an application for renewal of its tax exempt status to the City of Glen Cove.

4. On November 3, 1982, the City of Glen Cove denied debtor's application for tax exempt status because the application was filed three days late; and because debtor's use of the property had changed after entering bankruptcy.

5. Glen Cove filed proofs of claims amounting to over $70,000.00.

6. On April 6, 1983, the court ordered this case converted to a chapter 7 bankruptcy.

## DISCUSSION

The trustee of debtor's chapter 7 bankruptcy estate argues that Glen Cove's claim for taxes should be denied because the City's tax status assessment violated the Bankruptcy Code automatic stay against post-petition action to obtain debtor's property; and in the alternative, Glen Cove's denial of tax exempt status contradicts state law. Glen Cove contends that the automatic stay does not apply to this case, and that debtor is precluded from arguing any misapplication of state law because debtor did not exhaust its state remedies.

■ 11 U.S.C. § 362(a)(3) relieves pressure on debtors by prohibiting "any act to obtain possession of property of the estate" upon the filing of a petition for bankruptcy. In this case, Glen Cove did not violate the automatic stay because it did not attempt to "obtain possession" or threaten the debtor's assets.[1] Rather, the City merely made a non-binding assessment of debtor's estate. 11 U.S.C. § 505 vests the bankruptcy court with power to determine the legitimacy of tax assessments, and therefore, Glen Cove's only act to obtain possession of property was its filing of a proof of claim, which the Code allows. Glen Cove's determination that debtor's property is not tax-exempt is merely an allegation in support of its proof of claim and must be proven with evidence, in bankruptcy court.

---

1. *Cf. In re Midwest Emery Freight System, Inc.,* 48 B.R. 566 (Bankr.N.D.Ill.1985); *In the Matter of Shippers Interstate Service Inc.,* 618 F.2d 9 (9th Cir.1980) (where assets of bankruptcy estate are not threatened by determination of labor dispute involving debtor in reorganization, court should not stay proceedings).

■ 11 U.S.C. § 505(a)(1) permits the court to:

> determine the amount or legality of any tax ... whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

Glen Cove argued that its assessment of taxes should not be reviewed because the debtor did not initiate a New York State Article 78 proceeding to challenge the assessment and thus failed to exhaust its remedies against the city in state court. The court holds that the bankruptcy court has jurisdiction to redetermine post-petition taxes owed to a city even if a debtor does not contest the taxes under state law. The time and expense of filing state court lawsuits would only deplete the assets of the bankruptcy estate, since any state court action would be subject to a review in bankruptcy court pursuant to section 505. Moreover, Congress enacted section 505 specifically to protect creditors from the dissipation of estate assets which could result if creditors were bound by tax judgments which the debtor, due to his ailing condition, did not contest. *In re Century Vault Co.,* 416 F.2d 1035, 1041 (3rd Cir. 1969); *City of Amarillo v. Eakens,* 399 F.2d 541, 544 (5th Cir.1968), *cert. denied,* 393 U.S. 1051, 89 S.Ct. 688, 21 L.Ed.2d 692 (1969); *In re Northwest Beverage Inc.,* 46 B.R. 631 (Bankr.N.D.Ill.1985); 3 *Collier on Bankruptcy* 505–23 (15th ed. 1979); *See also In the Matter of Fashion Wear Realty Co., Inc.,* 14 B.R. 287 (Bankr.S.D.N.Y. 1981).

■ The only issue of consequence relating to the amount and legality of tax claimed by Glen Cove is whether the debtor qualified as a non-profit, tax-exempt organization after April 30, 1982 pursuant to section 420–a of New York Real Property Law. Various contradictory allegations were made by the parties regarding debtor's activity and non-activity to prove debtor's status, but no testimony was taken, no evidence was offered, nor were any stipulations made to support the parties' assertions. Thus, an evidentiary hearing is necessary to resolve issues of fact.

Glen Cove's other claim for payments in lieu of taxes is based on an alleged contract, and once again the parties presented the court with nothing but contradictory allegations. Glen Cove claims that it gave consideration for debtor's payments in the form of forbearance of legal action to obtain tax revenue. The trustee of debtor's estate argues that any payments by debtor to Glen Cove were gratuities to promote harmony between town and gown. Thus, an evidentiary hearing is needed to resolve issues of fact relating to the matter of payments in lieu of taxes as well as for the matter of taxes.

SO ORDERED.