CITY VENDING OF MUSKOGEE,
INC., Plaintiff–Appellant,

v.

The OKLAHOMA TAX COMMISSION,
Defendant–Appellee.

No. 88–1045.

United States Court of Appeals,
Tenth Circuit.

March 14, 1990.

Jon Tom Staton, Muskogee, Okl., for plaintiff-appellant.

Stanley P. Johnston and Lee Anne Wilson, Oklahoma Tax Com'n, Oklahoma City, Okl., for defendant-appellee.

Before TACHA, BALDOCK and BRORBY, Circuit Judges.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals the district court's determination that it lacked jurisdiction to consider plaintiff's claims, asserted in an adversary proceeding in bankruptcy, challenging two tax assessments imposed on plaintiff by the Oklahoma Tax Commission (OTC). The district court held that 28 U.S.C. § 1341 precluded the court's review of the state tax assessments.

Ordinarily, § 1341 will preclude a federal court from considering actions to "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." *See Brooks v. Nance,* 801 F.2d 1237, 1240 (10th Cir.1986) ("for purposes of section 1341, Oklahoma provides an adequate remedy to challenge the lawfulness of its taxing policies and practices under the Oklahoma Cigarette Tax Act"). Section 1341, however, will not preclude the determination of state tax liability where federal courts have jurisdiction under the Bankruptcy Code, 11 U.S.C. § 505. *See Adams v. Indiana,* 795 F.2d 27, 29 (7th Cir.1986); *cf. Geiger v. City of Southfield (In re Continental Credit Corp.),* 1 B.R. 680, 686 (Bankr.N.D.

Ill.1979) (interpreting predecessor statute, § 2(a)(2A) of the Bankruptcy Act).[1]

Section 505 gives federal courts authority to determine, in bankruptcy proceedings, the amount and legality of any tax, 11 U.S.C. § 505(a)(1), except where the amount and legality of the tax has been "contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction" prior to the commencement of bankruptcy proceedings, 11 U.S.C. § 505(a)(2)(A). The question presented in this appeal is whether the Oklahoma tax assessments were "contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction" such that federal review was precluded under § 505. *See Griess v. Colorado,* 841 F.2d 1042, 1047 (10th Cir.1988) (appellate court may affirm district court's decision based on grounds supported by the record, but upon which the district court did not rely).

The OTC made an initial tax assessment against plaintiff in the amount of approximately $85,000, asserting plaintiff failed to pay state tax on cigarettes plaintiff sold wholesale to Indian tribes. Plaintiff filed a protest with the OTC, *see* Okla.Stat. tit. 68, § 221(c), asserting plaintiff's sale of cigarettes to the Indian tribes was exempt from the state cigarette tax under the interstate commerce clause of the United States Constitution. After conducting a hearing, the OTC upheld the assessment, but specifically ruled that, as an administrative agency, it lacked authority to determine plaintiff's constitutional claims. Although entitled to do so, plaintiff did not pursue an appeal of the OTC determination to the Oklahoma Supreme Court. *See* Okla.Stat. tit. 68, § 225. Instead, plaintiff filed an action in federal court, which was dismissed when plaintiff failed to respond to a motion to dismiss. Plaintiff also filed an untimely action in state court, pursuant to Okla.Stat. tit. 68, § 226, which specifically provides a right of action to challenge a tax assessment as an unlawful burden on interstate commerce. *See Ladd Petroleum Corp. v. Oklahoma Tax Comm'n,* 619 P.2d 602, 604 (Okla.1980). Finally, plaintiff filed a petition requesting the Oklahoma Supreme Court to exercise original jurisdiction over this matter, which was denied.

▉ Ordinarily, where a taxpayer fails to pursue state remedies available to challenge a tax assessment, federal courts will be precluded from considering challenges to the tax assessment. *See Sacks Bros. Loan Co. v. Cunningham,* 578 F.2d 172, 175 (7th Cir.1978) (the application of § 1341 turns on whether a state remedy was at some time available to the taxpayer; taxpayer's failure to pursue the remedy properly will not negate the existence of the remedy). In the context of a bankruptcy proceeding, however, a federal court may have jurisdiction to review a state tax assessment where the taxpayer has failed to pursue state remedies. *See, e.g., In re Century Vault Co.,* 416 F.2d 1035, 1041 (3d Cir.1969) (§ 2(a)(2A)); *Ishpeming Hotel,* 70 B.R. at 632. We will, therefore, consider the issue of whether the district court had jurisdiction under § 505 to address plaintiff's first tax assessment, despite plaintiff's failure to pursue properly the available state remedies.

Plaintiff argues that, because the OTC held it did not have authority to determine the constitutional issues asserted by plaintiff and because no other court has considered the merits of plaintiff's constitutional challenges, no tribunal of competent jurisdiction has adjudicated the constitutionality of the initial state tax assessment and, therefore, the district court should have addressed this issue under § 505. Defendant, relying solely on § 1341, argues that no state court has addressed plaintiff's constitutional claims solely because plaintiff failed to follow the appropriate state procedures for challenging a tax assessment and, therefore, plaintiff was bound by the OTC determination.

▉ Two policies underlie § 505's grant of federal authority to determine state tax matters. First, § 505 allows the prompt

---

1. Section 2(a)(2A) of the Bankruptcy Act is "substantially the same" as 11 U.S.C. § 505. *See, e.g., In re Ishpeming Hotel Co.,* 70 B.R. 629, 632 (Bankr.W.D.Mich.1986); *Northwest Beverage, Inc. v. Johnson (In re Northwest Beverage, Inc.),* 46 B.R. 631, 634 and n. 3 (Bankr.N.D.Ill.1985).

resolution of a debtor's tax liability, where that liability has not yet been determined prior to the bankruptcy proceeding, in the same forum addressing the debtor's overall financial condition. *See City of New York v. Fashion Wear Realty Co. (In re Fashion Wear Realty Co.)*, 14 B.R. 287, 290 (D.C.N.Y.1981) (§ 2(a)(2A)). Secondly, § 505 protects "creditors from the dissipation of the estate's assets which could result if the creditors were bound by a tax judgment which the debtor, due to his ailing financial condition, did not contest." *Northwest Beverage*, 46 B.R. at 635; *see also* 3 Collier on Bankruptcy § 505.04 (15th ed.1989). A federal court, therefore, will have jurisdiction under § 505 to consider state tax issues where the debtor has failed to assert any challenge to the assessment prior to commencing bankruptcy proceedings, *see, e.g., Century Vault*, 416 F.2d at 1041 (§ 2(a)(2A)); *Ishpeming Hotel*, 70 B.R. at 632 (§ 505); *Continental Credit*, 1 B.R. at 686 (§ 2(a)(2A)), or where the debtor has challenged the assessment through state proceedings which are still pending at the time the bankruptcy petition is filed, *see, e.g., In re Electronic Theatre Restaurants, Inc.*, 85 B.R. 45, 47 (Bankr.N.D.Ohio 1988); *Lipetzky v. Department of Revenue (In re Lipetzky)*, 64 B.R. 431, 433–34 (Bankr.D.Mont.1986); *In re Swann Gasoline Co.*, 46 B.R. 640, 641–42 (Bankr.E.D. Pa.1985).

■ Although the merits of plaintiff's claims were never addressed, the instant appeal does not present the situation where the debtor has failed to assert any challenge to the assessment. Plaintiff vigorously challenged the OTC assessment, albeit unsuccessfully due to his failure to invoke the appropriate state remedies in a timely fashion. Further, the decision upholding this assessment became final under state law prior to the commencement of bankruptcy proceedings. *See* Okla.Stat. tit. 68, §§ 221(e) and (g). The district court, therefore, correctly held it did not have jurisdiction to consider plaintiff's challenge to the first state tax assessment. *Cf. Northwest Beverage*, 46 B.R. at 633–35 (where debtor had full evidentiary hearing addressing merits of his claims before the

state department of revenue, but was unable, due to financial constraints, to pursue further judicial review of the merits of his claims, the bankruptcy court did not have jurisdiction under § 505 to reconsider state tax questions); *but cf. Tapp v. Fairbanks North Star Borough (In re Tapp)*, 16 B.R. 315, 319–20 (Bankr.D.Alaska 1981) (in light of legislative history of § 505, state court default judgment will not preclude bankruptcy court from reconsidering state tax question).

On appeal, plaintiff asserts the OTC determination upholding the first tax assessment was void because the OTC did not have jurisdiction to consider the constitutional claims. This argument is unpersuasive because the OTC did not address the constitutional claims contrary to its authority, but rather held it lacked authority to consider those claims. The OTC determination, therefore, was not void. *See generally V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224–25 (10th Cir.1979) (discussing standard for voidness).

The OTC made a second tax assessment against plaintiff in the amount of approximately $1,400,000. Plaintiff again filed a protest and, although entitled to a hearing, chose to have the protest considered on the pleadings. *See* Okla.Stat. tit. 68, § 221(d). In upholding this assessment, the OTC addressed the merits of plaintiff's constitutional claims, ruling that "even assuming that the cigarette sales ... proposed to be [taxed] were first sold to Indian tribes for resale by such tribes, such fact standing alone does not exempt such sales from the operation of this State's cigarette tax laws." Plaintiff did not pursue further review, and this determination became final under Oklahoma law prior to the commencement of bankruptcy proceedings. *See* Okla.Stat. tit. 68, §§ 221(e) and (g). Because there was a final adjudication of the merits of plaintiff's claims prior to the commencement of bankruptcy, the district court was correct in determining it lacked jurisdiction to review the second state tax assessment. *See Northwest Beverage*, 46 B.R. at 635.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.