In re WASHINGTON MANUFACTURING
COMPANY; Washington Industries,
Inc. and KSA, Inc., Debtors.

Bankruptcy Nos. 388–01467, 388–01468
and 388–01469.

United States Bankruptcy Court,
M.D. Tennessee,
Nashville Division.

Oct. 19, 1990.

Karin Lee Waterman, Harwell, Martin &
Stegall, Nashville, Tenn., for trustee.

Thomas O. Bratcher, Stanley & Bratcher,
McMinnville, Tenn., for County of Warren.

James W. Dempster, McMinnville, Tenn.,
for City of McMinnville, Tenn.

Barbara Holmes, Nashville, Tenn., Asst.
U.S. Trustee.

MEMORANDUM OPINION AND ORDER REGARDING MOTION FOR SUMMARY JUDGMENT FILED IN OPPOSITION TO TRUSTEE'S MOTION FOR DETERMINATION OF TAX LIABILITY

WILLIAM H. BROWN, Bankruptcy Judge.

This cause is before the Court on a Motion for Summary Judgment filed by the City of McMinnville (City) and County of Warren (County), Tennessee in opposition to the Trustee's Motion For Determination of Tax Liability. At issue is whether, as a matter of law, this Court has jurisdiction to determine the amount of the debtor's property tax liability to these entities for the years 1986, 1987 and 1988.

The facts are undisputed and given that the relief sought by both parties presents a "contested matter" within the meaning of Bankruptcy Rule 9014, resolution of this jurisdictional question under Bankruptcy Rule 7056 is proper.

In this proceeding, the Trustee seeks a determination by this Court of the amount of taxes due for the years 1986, 1987 and 1988 on real property known as the Rockford Textile Mill located in McMinnville, Warren County, Tennessee. As noted above, the City and County dispute that the Court has the authority to make such a determination because such was accomplished by the County Board of Equalization (Board) in 1985 pursuant to the prepetition Debtor's request for a change in the appraised value of the property and again in 1988 by the assessor's reappraisal of the property pursuant to a request by the Trustee.

■ Resolution of this dispute depends primarily on the authority conferred on the Bankruptcy Court by 11 U.S.C. § 505(a)(1) and (2)(A).[1] This section provides, in pertinent part:

(a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, ... whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

(2) The court may not so determine—
(A) the amount or legality of a tax, ... if such amount or legality was contested and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title;

It is well settled that the task of statutory construction begins with examination of the language of the statute itself. Moreover, where the statute's language is plain, this is also where the task ends for "the sole function of the courts is to enforce [the statute] according to its terms." *In re Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989); *In re C.L. Cartage, Inc.*, 899 F.2d 1490, 1494 (6th Cir.1990).

Adhering to this mandate, the Court concludes that the language of § 505(a)(1) and (2)(A) plainly authorizes this Court to determine the amount of the debtors' tax liability *unless* that liability was finally determined via both a contest before and an adjudication by a judicial or administrative tribunal prior to commencement of the debtors' bankruptcy case. *See, Quattrone Accountants, Inc. v. IRS*, 895 F.2d 921, 925 (3rd Cir.1990); *City Vending of Muskogee, Inc. v. Oklahoma Tax Comm'n.*, 898 F.2d 122, 125 (10th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 75, 112 L.Ed.2d 48 (1990); *In re Electronic Theatre Restaurants, Inc.*, 85 B.R. 45, 47 (Bankr.N.D.Ohio 1988).

■ In contesting the Trustee's present motion for determination of tax liability, the City and County refer the Court to the County Board of Equalization's 1985 denial of the prepetition debtors' request for a lower appraised value of its real property for tax purposes which was not timely appealed to the State Board of Equalization in accordance with the requirements of state law. *See, Tenn.Code Ann.* § 67–5–1407; § 67–5–1411; § 67–5–1412. According to the City and County, the fail-

---

**1.** Therefore, this is a core proceeding. 28 U.S.C. § 157(b)(2)(B), (K), and (O).

ure of the debtor to timely appeal the County Board's decision renders that decision "contested before and adjudicated by a[n] ... administrative tribunal before the commencement" of the debtor's case. Thus, they contend that the Court is without authority to determine the amount of the debtor's tax liability pursuant to § 505(a)(2)(A). The Court concurs with this argument as to the 1985 tax liability.

■ However, it appears that the City and County's general reliance on this determination regarding the 1985 liability is misplaced. The Trustee is seeking a determination of the tax liability for the years 1986, 1987 and 1988. The Court simply has no evidence before it to support a finding that any aspect of the taxes allegedly due for those years was "contested before or adjudicated by" an appropriate tribunal prior to commencement of the case. Nor is there evidence indicating that the 1985 decision was intended to preclude the debtor from contesting assessments for subsequent tax years.

Moreover, nowhere in the state or bankruptcy laws pertinent to this subject can the Court find authority for the proposition that once a tax liability amount is adjudicated by an administrative tribunal for a given taxable time period, the issue is finally resolved forevermore. To the contrary, the Tennessee Code requires that the County Board of Equalization convene annually for the purpose of equalizing the county assessments and, *inter alia*, "[h]earing complaints of taxpayers who feel aggrieved on account of excessive assessments of their property." *Tenn. Code Ann.* § 67–5–1402(1) and (4); § 67–1–404.

It is evident from the language of these statutes taken together that under state laws the taxpayer may contest assessments as often as they are made. Additionally, as discussed above, § 505(a) of the Bankruptcy Code authorizes the Bankruptcy Court to determine tax liability amounts in the absence of a *final* adjudication by the appropriate nonbankruptcy authorities prior to commencement of the case. *See, City Vending of Muskogee, Inc. v. Oklahoma Tax Comm'n.*, 898 F.2d at 125.

From these directives and the facts presented, the Court concludes that inasmuch as there has been no prepetition contest and adjudication within the meaning of § 505(a) regarding any aspect of the 1986, 1987 and 1988 tax assessments, their amounts are properly subject to determination by this Court.

■ The Court reaches this conclusion with respect to the 1988 tax assessment notwithstanding the City and County's assertion that the County Assessor's reassessment of the tax liability for that year at the Trustee's request is a final determination. The Court concedes that where, as here, the assessor's determination is not timely appealed, that determination becomes final under state law. *Tenn. Code Ann.* § 67–5–1401. However, in order for this assessment to be binding in the bankruptcy context, it must have been the result of a contest and adjudication which occurred prepetition. *Id., see also, In re Electronic Theatre Restaurants, Inc.*, 85 B.R. at 47. Surely, the City and County would not have the Court believe that the 1988 reassessment demonstrated to the Court is equal to a "contest before and adjudication by" an appropriate tribunal within the meaning of § 505(a). Even if so however, the fact remains that the determination was not made before the commencement of the case; thus, the 1988 tax liability remains eligible for determination by this Court.

From the above, it is hereby ORDERED that the Motion for Summary Judgment filed by the City of McMinnville and the County of Warren, Tennessee is DENIED.

SO ORDERED.