**In re A.H. ROBINS COMPANY, INCORPORATED, Debtor.**

**Bankruptcy No. 85–01307–R.**

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

April 5, 1991.

See also 118 B.R. 436.

Craig D. Bell, Mays & Valentine, Richmond, Va., for debtor.

Robert Weinberger, West Virginia State Dept. of Tax and Revenue, Compliance Div., Charleston, W.Va., for West Virginia State Department of Tax and Revenue.

MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes before the Court on the motion of A.H. Robins Company, Inc. ("Robins"), for summary judgment on its

objection to Claim No. 85329–00077 filed by the State Tax Department of West Virginia ("West Virginia" or the "State"). Robins objects to the proof of claim on the basis that West Virginia's Business and Occupation ("B & O") Tax was found to be unconstitutional by the Supreme Court and, alternatively, that it did not conduct business subject to the B & O Tax in West Virginia. Robins' motion is supported by an affidavit setting forth the manner in which Robins' products were sold to West Virginia doctors.

West Virginia only contests Robins' objection to the taxes assessed for the period between 1978 and 1982. At the hearing on the motion, it was uncontroverted that Robins was served with proper notice of the taxes assessed for this period, and the State asserts it has "lien claims" for these taxes. The State argues generally that Robins failed to object to the tax assessment during the 60 day period provided under West Virginia law, and therefore is now precluded by West Virginia Code § 11–10–8(a) from objecting to their validity. The State does not challenge Robins' affidavit stating that it did not do business in West Virginia which was subject to the B & O Tax. In response to a hypothetical question posed by the Court, the State argues that even if a company has never had business dealings in West Virginia and fails to challenge a tax assessment, it is still liable for the tax.

■ The first issue which the Court must address is whether under 11 U.S.C. § 505(a) it has authority to determine the validity of West Virginia's tax claim. In pertinent part, § 505(a)(1) states that, except as provided for in § 505(a)(2),

> the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

Section 505(a)(2) provides that a bankruptcy court may not make such a determination if the amount or legality of the tax was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction. The State and Robins agree that the validity of the taxes in question was never actually adjudicated.

The State argues that because Robins did not contest the assessment within 60 days, it became final and not subject to judicial review pursuant to West Virginia Code § 11–10–8(a).[1] The State urges the Court to either find this statutory finality prevents the Court from determining the validity of the tax on Robins, or to decline to exercise its right to make the determination. In support of its position, the State cites two cases, both of which are distinguishable from the case presently before the Court, and the Court is unable to find any other support for the State's position.

In *In re Galvano*, 116 B.R. 367 (Bankr.E. D.N.Y.1990), the court found that it was precluded from redetermining the amount and legality of a tax assessment against the debtor in his capacity as the principal officer of a corporation where the corporations tax liability had already been determined in a state administrative proceeding and the debtor failed to timely challenge his individual liability under state law. Unlike the present case, in *Galvano* the debtor's liability was previously adjudicated, at least as to amount and legality of the taxes claimed as allowed under § 505(a). There was a full contest and adjudication of the amount and legality of the tax for which the corporation was liable, and the debtor's individual liability was found to have been previously adjudicated because it flowed directly from the corporate liability. *Id.* at 374–75.

The State also relies on *In re Washington Manufacturing Company*, 120 B.R. 918 (Bankr.M.D.Tenn.1990), in which the debtor's request for a lower appraisal value of its 1985 real property tax was denied and the debtor failed to timely appeal the

---

1. "The tax commissioner shall give the taxpayer written notice of any assessment ... made pursuant to this article. The assessment ... shall become final and conclusive of the liability of the taxpayer and not subject to either administrative or judicial review under the provisions of ... this article unless the taxpayer ... shall within sixty days after service thereof" petition for reassessment. West Virginia Code § 11–10–8(a).

denial, thus rendering it final. The court found that the County Board of Equalization's pre-petition denial of the debtor's request constituted an administrative adjudication of the amount of the tax and therefore refrained from addressing the issue. *Id.* at 920. The court also found that as the debtor had not contested its 1986, 1987, and 1988 tax assessments, there had been no final adjudication as to the taxes owed for those years, and those amounts were subject to determination by the court. *Id.* Instead of supporting West Virginia's arguments, these cases support Robins' contention that this Court does have authority to examine the tax claims and determine their validity.

Robins cites several cases in support of its argument that the West Virginia statute barring judicial review of uncontested tax assessments does not preclude the Court from determining the validity of the tax claims under § 505. These cases support the proposition that this Court may determine the validity of tax claims even where a debtor fails to contest the taxes as required under state law. *See In re Fiedel Country Day School,* 55 B.R. 229 (Bankr. E.D.N.Y.1985); *In re New England High Carbon Wire Corp.,* 39 B.R. 886 (Bankr.D. Mass.1984). Robins argues, and the Court agrees, that the West Virginia statute declaring the tax assessment final and non-judiciable is similar in effect to a default judgment on the issue. An issue decided by default judgment has not been "contested before and adjudicated by" a tribunal so as to deprive the Court of jurisdiction under § 505(a)(2). *In re Tapp,* 16 B.R. 315, 320 (Bankr.D.Ak.1981) (also holding the full faith and credit requirement of 28 U.S.C. § 1738 is overridden by § 505). Based on the foregoing cases and the Court's inability to find any contrary authority, the Court concludes as a matter of law that Robins' failure to challenge the tax assessments under West Virginia law does not deprive the Court of jurisdiction to decide the validity of the tax claims under § 505(a)(2).[2] The State's request that the Court decline to address the tax issue is denied.

**2.** It should be noted that this is not a procedure under Article 11 of the West Virginia Code and

Turning to the merits of Robins' objection, in 1984 the Supreme Court found West Virginia's B & O Tax to be unconstitutional because it discriminated against interstate commerce. *Armco, Inc. v. Hardesty,* 467 U.S. 638, 104 S.Ct. 2620, 81 L.Ed.2d 540 (1984). More recently, the Supreme Court unanimously held that the decision in *Armco* applies retroactively. *Ashland Oil, Inc. v. Caryl,* —— U.S. ——, 110 S.Ct. 3202, 111 L.Ed.2d 734 (1990). Additionally, the State has filed no affidavit in opposition to Robins' affidavit, in which Robins denied that it conducted business subject to the B & O Tax. When a motion for summary judgment supported by an affidavit setting forth specific facts of which the affiant has personal knowledge is unopposed by a similar affidavit, "summary judgment, if appropriate, shall be entered against the adverse party." Fed.R. Civ.P. 56(e). Because the B & O Tax is unconstitutional and because Robins' affidavit stating the tax was erroneously assessed in the first place is uncontested, the Court finds that Robins' motion for summary judgment should be granted and the tax claim of the State of West Virginia should be disallowed. An appropriate order shall be entered.

therefore the finality provision of § 11–10–8 may not apply to this proceeding.