**In re B & B MARINE SALES & SERVICE, Debtor.**

**Bankruptcy No. 90–33399.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Sept. 15, 1992.

See also 133 B.R. 99.

Vaughn A. Hoblet, Atty., Toledo, OH, for debtor.

Louis Yopollo, Trustee, Toledo, OH.

## OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon Debtor's motion for summary judgment requesting a determination of the amount and priority of the claim of the State of Ohio, to which no response has been filed. Upon consideration of the record herein, the court finds that said motion is well taken and should be granted.

### FACTS

On October 2, 1990, Debtor filed a voluntary petition under chapter 7 of title 11. On December 21, 1990, Debtor filed a proof of claim on behalf of the State of Ohio, Department of Taxation, Sales Tax Division (claimant), stating that claimant asserts a claim against Debtor in the amount

of $238,216.00. Debtor opines that as much as $100,000 or more of the taxes, penalties and interest are not valid because they were computed on transactions not subject to tax, sales exempt from taxes and sales upon which the taxes had in fact been paid.

The trustee objected to the claim filed on behalf of claimant for the reasons that the claim was not properly supported and may be duplicative of a claim filed by claimant on January 10, 1991. As a result of a pretrial held upon the trustee's objection, an order was entered granting Debtor leave to file a motion for summary judgment and the trustee and claimant leave to respond thereto.

On July 30, 1992, Debtor filed the instant motion for summary judgment. Debtor states that it received notice, on February 2, 1990, of the tax commissioner's final determination reflecting an assessment of $228,446.73, representing:

a. $120,635.37 for sales tax due;

b. $87,337.62 in penalties for sales tax matters;

c. $13,649.16 in additional charges; and

d. $6,824.58 for penalties related to additional charges.

Motion for Summary Judgment at 4. Debtor contends that this assessment should be reduced to $104,602.37 as a result of incorrect calculations. *Id.* at 5. Debtor also asserts claimant's claim is entitled to priority as it represents a claim of a governmental unit. To date, no response to Debtor's motion has been filed.

### DISCUSSION

Debtor seeks final determination of the claim it filed on behalf of the State of Ohio, Department of Taxation, Sales Tax Division, pursuant to § 505, and requests that it be allowed priority pursuant to § 507(a)(7)(C) in the amount of $104,602.37. The instant motion seeks summary judgment of these requests. Summary judgment is proper when it appears that there is no genuine issue as to any material fact and movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Further,

[a]lthough the moving party has the burden of proving the absence of any genuine issue of material fact, the nonmoving party must "make a showing sufficient to establish the existence of an element essential" to her case, and for which she "will bear the burden of proof at trial."

*U.S. Fid. & Guar. Co. v. Fireman's Fund Ins. Co.,* 896 F.2d 200, 202–03 (6th Cir.1990) (citation omitted).

In the instant situation, Debtor's motion reflects that an appeal was filed, on March 2, 1990, of the tax commissioner's assessment in the amount of $230,121.45. Motion for Summary Judgment Exhibits 1 and A. Pursuit of that appeal has been stayed upon the filing of Debtor's petition. *Id.* at 3.

Section 505(a)(1) of title 11 authorizes this court to

determine the amount of the Debtors' tax liability unless that liability was finally determined via both a contest before and an adjudication by a judicial or administration tribunal prior to commencement of the Debtors' bankruptcy case.

*In Re Washington Mfg. Co.,* 120 B.R. 918, 919 (Bkrtcy.M.D.Tenn.1990) (citations omitted). *See also in Re Wolverine Radio Co.,* 930 F.2d 1132, 1139 (6th Cir.1991) (§ 505(a) is described in the legislative history as "permit[ting] determination by the bankruptcy court of any unpaid tax liability of the debtor" (citations omitted)); *City Vending of Muskogee v. Oklahoma Tax Com'n,* 898 F.2d 122 (10th Cir.1990) (a federal court, therefore, will have jurisdiction under § 505 to consider state tax issues where the Debtor has failed to assert any challenge to the assessment prior to commencing bankruptcy proceedings or where the Debtor has challenged the assessment through state proceedings which are still pending at the time the bankruptcy petition is filed), *cert. denied* 498 U.S. 823, 111 S.Ct. 75, 112 L.Ed.2d 48 (1990); *In re Electronic Theatre Restaurants, Inc.,* 85 B.R. 45, 47 (Bkrtcy.N.D.Ohio 1988) (only where there has been a full adjudication of the contested amount in question does the court not have authority to determine the

tax liability). In *Electronic Theatre Restaurants,*

> Debtor filed a prepetition protest before a [state] tribunal but did not exhaust that process prior to seeking relief under chapter 11. Thusly, there exists no impediment to this court's determination of the subject tax liability....

*Id.* Accepting Debtor's uncontested motion, it appears that an appeal was pending at the time of Debtor's petition. This court has, then, jurisdiction to finally determine Debtor's tax liability as there was no adjudication by a judicial or administration tribunal prior to Debtor's petition.

Having found that this court has jurisdiction to finally determine Debtor's tax liability, the court will now consider Debtor's motion. As previously stated, the opposing party must establish a genuine issue for trial. *Fireman's Fund Ins. Co.,* 896 F.2d at 202–03. Claimant has not responded to, nor otherwise contested, Debtor's assertions in the instant motion. The court, accordingly, will accept same.

Debtor maintains that the tax commissioner's assessment should be reduced for transactions exempted from sales taxes and for sales included twice in the tax commissioner's determination. Debtor has attached exhibits supporting these reductions; these documents and assertions have not been refuted by claimant. *See* Motion for Summary Judgment, Exhibits B, C and D. As a result, the court finds that same is well taken, and will allow the claim in the amount of $104,602.37.

Next, Debtor requests that the claim be allowed priority status pursuant to § 507(a)(7)(C). That section allows priority to

> ... allowed unsecured claims of governmental units, only to the extent that such claims are for—
>
> \* \* \* \* \* \*
>
> (C) a tax required to be collected or withheld and for which the Debtor is liable in whatever capacity.

Debtor's motion reflects that the taxes represent sales taxes due, with additional penalty and interest charges. Such a tax represents a "trust fund" tax and "is always given a priority." *DeChiaro v. New York State Tax Com'n,* 760 F.2d 432, 433 (2d Cir.1985) (citing § 507(a)(6)(C), now § 507(a)(7)(C)). Thus, Debtor's request that claimant's claim be afforded priority status is well taken. In light of the foregoing, it is therefore

ORDERED that motion of Debtor for summary judgment be, and hereby is, granted and that the claim of the State of Ohio, Department of Taxation, Sales Tax Division be, and hereby is, allowed priority in the amount $104,602.37.