**In the Matter of GEORGIA AIR, INC., Debtor.**

**No. 71461.**

United States District Court,
N. D. Georgia,
Atlanta Division.

June 23, 1972.

Nolan B. Harmon (Harmon & Smith), Atlanta, Ga., for debtor.

Timothy J. Sweeney, Asst. Atty. Gen., Atlanta, Ga., for claimant.

### ORDER

MOYE, District Judge.

This case is submitted for review of the bankruptcy referee's order of March 7, 1972, denying petitioner's application to disallow a claim by the State of Georgia in Chapter XI proceedings. The State of Georgia asserts a claim against petitioner, Georgia Air, Inc., under Section 64(a)(4) of the Bankruptcy Act which gives priority status to unpaid "taxes legally due and owing by the bankrupt to the United States or any State or any subdivision thereof . . . ." 11 U.S.C.A. § 104(a)(4). The State of Georgia asserts that Georgia Air, Inc., is indebted to the State under the provisions of the Georgia Retailers' and Consumers' Sales and Use Tax [Ga.Code Ann. Ch. 92–34A (Supp. 1971)] for unpaid sales and use taxes past due plus interest. The State of Georgia alleges the tax is due on certain airplanes and aircraft parts which Georgia Air, Inc., purchased (within and outside the State of Georgia) and subsequently used in its operations based in Georgia. The referee allowed the State of Georgia's claim. Georgia Air, Inc., contends on appeal, *inter alia*,[1] that the tax is not due because the Act exempts aircraft and parts used by "common carriers in interstate or foreign commerce under authority granted by the Federal Government." Ga.Code Ann. § 92–3403a(C) (2) (q) (Supp.1971).

The facts relevant for this review, as agreed to by the parties and stipulated

---

1. Georgia Air, Inc., also contends the tax is in violation of the Commerce Clause of the United States Constitution as a restraint on interstate commerce. The Court will not reach this question because the case can be disposed of on the more specific threshold issue of the interpretation of state law.

to the referee in bankruptcy, follow. During the period of time in question, June 1968 through March 31, 1969, the petitioner, Georgia Air, Inc., an "air taxi/commercial operator" operating under Civil Aeronautics Board Economic Regulations Part 298 [14 C.F.R. § 298], flew approximately 80 percent of its flights in commercial interstate flights from Atlanta, Georgia, to numerous destinations in the Southeastern United States. The remainder of its flights were charter flights wholly within the borders of the State of Georgia. When its aircraft were not in use they were based and serviced in Fulton County, Georgia. From May 1968 through January 1969, Georgia Air, Inc., acquired and used in its normal operations certain aircraft and miscellaneous aircraft parts which the State of Georgia is attempting to tax.

Section 64(a)(4) of the Bankruptcy Act confers jurisdiction on the bankruptcy court to settle questions as to the amount or legality of any taxes and the bankruptcy court must give "full faith and credit" to state laws in determining validity of taxes assessed by state authorities who present claims for such taxes in bankruptcy proceedings. In re Lasky, 38 F.Supp. 24, 31 (N.D.Ala.1941). In viewing the bankruptcy court's decisions, the federal courts must also give "full faith and credit" to state law in determining the validity of the imposition of state taxes.

The applicable state law upon which the State of Georgia bases its claim is the Georgia Retailers' and Consumers' Sales and Use Tax which provides:

> "There is hereby levied and imposed, in addition to all other taxes of every kind now imposed by law, a tax on the retail purchase, retail sale, rental, storage, use or consumption of tangible personal property, and the services hereinafter described . . . ."

Ga.Code Ann. § 92–3402a (Supp.1971). Petitioner, Georgia Air, Inc., contends that its airplanes and aircraft parts are not taxable under the Act because Section 3(C) (2) (q) of the Act exempts:

> "Aircraft, watercraft, railroad locomotives and rolling stock, motor vehicles, and major components of each, which will be used principally to cross the borders of the State of Georgia in the service of transporting passengers or cargo by common carriers in interstate [sic] or foreign commerce under authority granted by the Federal Government."

Ga.Code Ann. § 92–3403a(C) (2) (q).

This Court, in determining the applicability of the tax exemption must look carefully at the state tax law and its interpretation by the Georgia state courts. As a preliminary matter, it is a settled principle of Georgia State law that:

> " ' . . . an alleged exemption from taxation must be construed favorably to the State and against the taxpayer.' [quoting Cherokee Brick & Tile Co. v. Redwine, 209 Ga. 691, 75 L.Ed.2d 550 (1953)] And that court went on to say that the exemption will not be held to be conferred unless the terms under which it is granted clearly and distinctly show that such was the intention of the legislature.
>
> "It is inadmissible to mutilate a statute by lifting a mere segment out of its context, and construe it without consideration of all other parts of the act. The intention of the legislature is to be gathered from the statute as a whole so as to give effect to each of its parts and at the same time harmonize, if possible, the component parts. *And in determining such intention, the words of the statute are to be given their ordinary and usual significance.* Code § 102–102(1)." [citations omitted] [emphasis added]

State v. Cherokee Brick & Tile Co., 89 Ga.App. 235, 239, 79 S.E.2d 322, 325 (1953).

The issue in the instant case is whether Georgia Air, Inc., is operating as a "common carrier[s] in interstate or foreign commerce under authority granted by the Federal Government." Ga.Code Ann. § 92–3403a(C) (2) (q) (Supp. 1971). The State of Georgia concedes

that petitioner is a common carrier for regulatory purposes under the Federal Aviation Act because for petitioner to hold the status of "air taxi operator," petitioner must be an "air carrier," or common carrier. 14 C.F.R. Part 298.2. Nor does the State of Georgia dispute that for purposes of tort law, petitioner owes obligations of a common carrier to its patrons. [Second Supplemental Memorandum on Behalf of the State of Georgia, p. 1, dated February 18, 1972] Notwithstanding these admissions, the State of Georgia contends petitioner is not a "common carrier[s] in interstate or foreign commerce under authority granted by the Federal Government" as those terms were intended to be construed by the Georgia state legislature.

The definition of "common carrier" is a well settled principle of Georgia State law espoused in McIntyre v. Harrison, 172 Ga. 65, 157 S.E. 499 (1930). In McIntyre, plaintiffs contended their activities were not taxable under a particular section of the Georgia Code because they were private carriers and had not been issued a certificate of public convenience and necessity which was a requisite for taxation under the Georgia statute in question. The State contended that plaintiffs were common carriers regardless of whether they had been issued the certificate and, as such, should be taxed. The Supreme Court of Georgia, ruling for the plaintiffs, stated that status as a common carrier was a *factual* question and could not be forced on one by legislative fiat. The Georgia court established the following criteria to determine status as common carriers:

"Whether a person is a common carrier or not depends upon the *facts*; and where there is a question whether the carrier is a private or common carrier, it is to be determined by the *facts* relating to, first, whether the business is public business or employment, and whether the service is to be rendered to all indifferently; and,

second, whether one has held himself out as so engaged, so as to make him liable for a refusal to accept the employment offered."

172 Ga. at 83, 157 S.E. at 508 [emphasis added].

In the instant case the State of Georgia contends that eligibility for the tax exemption is determined by matching the McIntyre criteria for common carriers with legal obligations imposed by the federal government. Stated more explicitly, the State of Georgia contends the tax exemption is available only if the federal government imposes legal obligations on petitioner to refrain from discrimination and hold him liable (under federal law) for a refusal to accept employment offered. The State of Georgia concludes that since petitioner was operating under a federal regulation exemption for small "air taxi operators" which did not impose a federal obligation to refrain from discrimination, petitioner's operations, as a *matter of law* did not satisfy the criteria listed in McIntyre and thus petitioner could not qualify for the exemption. The referee in bankruptcy agreed. This Court does not agree and accordingly reverses.

■ The Supreme Court of Georgia established criteria in the McIntyre case which were described as factual questions. In the instant case the State of Georgia concedes that petitioner does *in fact* render service to all indifferently and satisfies the tests for status as a common carrier so as to establish liability for a refusal to accept employment offered. Furthermore, the State of Georgia also concedes that petitioner is a common carrier for regulatory purposes under the Federal Aviation Administration. Therefore, it appears to this Court that petitioner not only satisfied the McIntyre criteria for status as a common carrier but also was operating "under authority granted by the Federal Government."[2]

2. Furthermore, this Court notes with interest that the Georgia legislature has defined "common carrier" as a matter of law:

"Any person undertaking to transport goods for compensation is a carrier. A common carrier is one that undertakes to carry, and holds himself out

To adopt the State of Georgia's contentions would lead to a strained interpretation of the statute contrary to the Georgia rule espoused in *Cherokee Brick & Tile* that "the words of the statute are to be given their ordinary and usual signification." 89 Ga.App. 235 at 239, 79 S.E.2d 322 at 325. The two-step analysis urged by the State is also unnecessary since the McIntyre court expressly stated that the classification as a common carrier is a *factual* question. Accordingly, petitioner's status may be ascertained from the facts as agreed to by the parties and submitted to the referee in bankruptcy. Therefore, this Court reverses the order of the referee in bankruptcy and hereby denies the claim for taxes due asserted by the State of Georgia.

as ready to receive for carriage, goods for hire, which he is accustomed to carry, for all people indifferently as long as he has room."
Ga.Code Ann. § 18–101 (1971). This legislative interpretation should leave little doubt as to the intention of the Georgia legislature when it exempted aircraft and parts used by "common carriers in interstate or foreign commerce under authority granted by the Federal Government." Thus, as a matter of *law*, petitioner was operating as a common carrier.