In re **LEDGEMERE LAND CORP., Ledgemere Condominium Corp., Econdo Manufacturing Corp., Greenhouse Acres Development, Inc., Marine Charter and Storage Ltd., Inc., H.A. Fafard & Sons Construction, Inc., Howard A. Fafard, Debtors.**

**LEDGEMERE LAND CORPORATION, Ledgemere Condominium Corporation, Marine Charter and Storage Ltd., Inc., Howard A. Farard, Plaintiffs,**

v.

**TOWN OF ASHLAND, Defendant.**

**LEDGEMERE LAND CORPORATION, Ledgemere Condominium Corporation, Marine Charter and Storage Ltd., Inc., Howard A. Fafard, Plaintiffs,**

v.

**TOWN OF MILFORD, Defendant.**

**Bankruptcy Nos. 90–40962– JFQ to 90–40968–JFQ. Adv. Nos. 91–4093, 91–4094.**

United States Bankruptcy Court, D. Massachusetts.

Dec. 3, 1991.

Barbara Gilmore, Sullivan & Worcester, Harold B. Murphy, Hanify & King, Boston, Mass., for debtors, plaintiffs.

Michael C. Lehane, Murphy, Hesse, Toomey & Lehane, Quincy, Mass., for defendant Town of Ashland.

Gerald M. Moody, Milford, Mass., for defendant Town of Milford.

## OPINION

JAMES F. QUEENAN, Jr., Chief Judge.

Presented are questions of whether under § 505 of the Bankruptcy Code a bankruptcy court may adjudicate local real estate taxes assessed against a debtor where: (i) no abatement application has been filed with the town, and the time for filing the application has lapsed, (ii) an abatement application has been either granted or denied without a hearing, and the debtor has taken no appeal, or (iii) refunds are sought for real estate taxes paid but no request for a refund has first been made to the town.

The Debtors are in the business of developing and managing real estate. They own numerous commercial and residential properties, both developed and undeveloped. Their chapter 11 cases were administratively consolidated following the filings on June 15, 1990. Four of the Debtors bring complaints against both the Town of Ashland, Massachusetts, and the Town of Milford, Massachusetts, seeking a reduction in real estate taxes and refunds of certain taxes paid. The Town of Ashland moves to dismiss the complaint and for summary judgment. The Town of Milford moves for summary judgment. Because many of the legal issues are the same, this opinion will deal with all the motions.

The essential facts with respect to the Ashland case are these. The taxes at issue are for the fiscal years ending June 30, 1989; June 30, 1990; and June 30, 1991. The Debtors filed timely abatement applications with the town concerning some of the properties for the fiscal year ending June 30, 1991, but did not file any applications with respect to the preceding two fiscal years. Acting without a hearing as permitted by law, the assessors granted abatements on some of the properties and denied them on others. The Debtors took no appeal to either the Appellate Tax Board or the County Commission. The complaint filed here includes a request for a reduction in taxes for which no abatement has been sought from the town, as well as a request for a reduction in taxes included in

abatement applications either granted or denied by the town. The complaint also contains a claim for a refund on certain taxes which have been paid.

The Debtors' dispute with the Town of Milford pertains to the same three fiscal years. They filed timely abatement applications with the Milford assessors on some of the properties included in the complaint for each of the three fiscal years. The town's board of assessors, without a hearing, granted certain requested abatements and denied others. Here again, the Debtors took no appeal. Unlike their complaint against the Town of Ashland, the Debtors' complaint against Milford does not contest any taxes on properties for which abatements were granted. As is the case with Ashland, the Debtors have paid some of the disputed taxes.

## I. CORE VS. NONCORE

■ The Town of Ashland devotes much of its brief to the contention that this adversary proceeding is not a core proceeding within the meaning of 28 U.S.C. § 157 (1988). That subject has nothing to do with the town's motion to dismiss or its motion for summary judgment. The only consequence of this proceeding not being a core proceeding is that I would be required to enter proposed findings of fact and conclusions of law for review by the district court. 28 U.S.C. § 157(c)(1) (1988). That would have little significance here where the facts are stipulated. In any event, this is a core proceeding. A core proceeding includes one "arising under title 11." 28 U.S.C. § 157(b)(1) (1988). The present complaints arise under 11 U.S.C. § 505 (1988). The complaints, moreover, involve the allowance of a claim, which is expressly made a core proceeding by 28 U.S.C. § 157(b)(2)(B) (1988). The refund claims are also core proceedings as counterclaims under § 157(b)(2)(C).

## II. THE COURT'S ABILITY TO ADJUDICATE ALL OF THE TAX ISSUES RAISED IN THE COMPLAINTS

Section 505 of the Bankruptcy Code, 11 U.S.C. § 505 (1988), reads in relevant part:

§ 505 Determination of tax liability

(a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax ... whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

(2) The court may not so determine—

(A) The amount or legality of a tax ... if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title; or

(B) any right of the estate to a tax refund, before the earlier of—

(i) 120 days after the trustee properly requests such refund from the governmental unit from which such refund is claimed; or

(ii) a determination by such governmental unit of such request.

### A. Taxes for Which Abatement Applications Have not Been Filed

■ Under Massachusetts law, an application to abate an assessed tax must be filed on or before October 1 of the tax year involved or, if the tax bill is sent after September 1, on or before thirty days after the bill is sent. Mass.Ann.Laws ch. 59, § 59 (Law. Co-op.1990). Because the Debtors filed no timely abatement with the towns concerning many of the taxes in question, the towns contend that the Debtors have no cause of action. They rely upon the general principle that the validity of a claim depends upon state law.

Section 505, however, bars the court only from resolving tax issues "contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." These taxes were never "contested." Nor, without the predicate of a contest, were they "adjudicated" through the act of assessment. To adjudicate means to resolve a controversy. *Black's Law Dictionary* 39 (5th Ed.1979).

**196**

State law is normally determinative of a claim. And the Debtor's failure to contest these taxes within the prescribed period may be analogized to a debtor's failure to contest a pre-petition law suit that results in a default judgment binding here. Congress has nevertheless concluded that tax claims merit special treatment. The broad grant of jurisdiction contained in § 505 makes no reference to time periods imposed by state law.

The statute's history is also indicative. Section 505 is largely a reenactment of § 2(a) of the prior Bankruptcy Act, 11 U.S.C. § 11(a)(2A) (repealed in 1978),[1] which also barred the bankruptcy court from determining taxes previously "contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." Subject to this restriction, § 11(a)(2A) permitted the court to adjudicate taxes, and it was recognized that the reason for doing so was to prevent creditors from being prejudiced by a debtor's failure to contest assessed taxes. In *In re Century Vault Co.*, 416 F.2d 1035 (3d Cir. 1969), decided shortly after the Bankruptcy Act was amended in 1966 by the insertion of § 2(a), the bankrupt corporation had failed to contest various Pennsylvania corporate taxes within the period prescribed by state law. The court held that this was not conclusive, quoting with approval the following discussion in *Collier* concerning the statute's purpose:

"One type of hazardous situation confronting creditors of a bankrupt is where the bankrupt has little or no interest in contesting, in fact, a tax assessment and permits an adjudication to be taken against him by default prior to bankruptcy. If the default is binding upon the creditors, they, of course, have not had their day in court. Absent bankruptcy, the creditors are not entitled to be heard but where bankruptcy ensues, they do have an interest that is deserving of some protection. They should not be bound by omissions of the bankrupt. The same should be true where the time has run against the bankrupt for contesting the claim. In this situation it is clear that the bankruptcy court may hear and determine the matter; there has been no contest and no adjudication. Where the bankrupt has defaulted instead, there also has been no contest; in actuality, the neglect of the bankrupt is the same, and the language in § 2a(2A) should be read in that light." 1 Collier on Bankruptcy § 2.22A at 215 (14th Ed.1967). 416 F.2d at 1041.

To the same effect is *City of Amarillo v. Eakens*, 399 F.2d 541, 543–44 (5th Cir. 1968), *cert. denied* 393 U.S. 1051, 89 S.Ct. 688, 21 L.Ed.2d 692 (1969). Under the prior Act, also, the principle requiring exhaustion of administrative remedies before resort to court did not apply to such tax controversies. *In re New England High Carbon Wire Corp.*, 39 B.R. 886, 889 (D.Mass.1984).

The decisions under § 505 have followed suit. *E.g., In re Tapp*, 16 B.R. 315 (Bankr.D.Alaska 1981) (prepetition default judgment not binding upon bankruptcy court because matter not contested and adjudicated). *Cf. In re El Tropicano, Inc.*, 128 B.R. 153 (Bankr.W.D.Tex.1991) (contested decision of three member appraisal review board binding); *In re Ishpeming Hotel Co.*, 70 B.R. 629 (Bankr.W.D.Mich. 1986) (same); *In re Northwest Beverage, Inc.*, 46 B.R. 631 (Bankr.N.D.Ill.1985) (same).

In short, a debtor as representative of the bankruptcy estate is allowed to contest tax debts in the bankruptcy court even though his prior inaction would bar him

---

1. Section 11(a)(2A) provided in part as follows: The ... courts of bankruptcy ... are hereby invested ... with such jurisdiction ... as will enable them to—

 (2A) [h]ear and determine, ... any question arising as to the amount or legality of any unpaid tax, whether or not previously assessed, which has not prior to bankruptcy been contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction, and in respect to any tax, whether or not paid, when any such question has been contested and adjudicated by a judicial or administrative tribunal of competent jurisdiction and the time for appeal or review has not expired, to authorize the receiver or the trustee to prosecute such appeal or review.

from contesting them elsewhere. This is permitted on the ground that taxes with their priority pose a special problem for creditors, and creditors should not be prejudiced by a debtor's inaction. Much the same rationale is behind the provision in § 724 which subordinates tax liens to the claims of priority claimants holding no liens.

### B. *Taxes for Which Abatement Applications Have Been Filed*

■ The question remains whether certain of these taxes were "contested before and adjudicated by a judicial or administrative tribunal" when the Debtors filed abatement applications with the town's board of assessors and thereafter took no appeal from the board's decision. The answer requires a closer look at the powers and procedures of a board of assessors under Massachusetts law.

A town board of assessors is not authorized to hold a hearing, and neither board did so here. An appeal from the board's decision may be taken to either the Massachusetts Appellate Tax Board or a county commission. Mass.Ann.Laws ch. 59, §§ 64, 65 (Law.Co-op.1990). Both the Appellate Tax Board and the county commission is authorized to hold a hearing at which testimony is taken under oath. *Id.*

If hearings concerning these taxes had been held by the Appellate Tax Board or a county commission, the issue would have been "contested before" an "administrative tribunal" within the meaning of § 505. But the statutory language is not descriptive of what transpired with respect to those local boards. True, the taxes included within these abatement applications were "contested." They were perhaps even "adjudicated." But no contest took place "before ... a judicial or administrative tribunal." The word "before", even standing alone, connotes a hearing. Any possible doubt on this is resolved by the requirement that there be a "judicial or administrative tribunal." At the heart of our judicial system is the requirement that a party desirous of contesting a matter be afforded a hearing. Denial of that right is denial of due process. *Withrow v. Larkin,* 421 U.S. 35, 46, 95 S.Ct. 1456, 1463, 43 L.Ed.2d 712 (1975); *Peters v. Kiff,* 407 U.S. 493, 501, 92 S.Ct. 2163, 2168, 33 L.Ed.2d 83 (1972). That the contest required by § 505 may take place before an "administrative tribunal" does nothing to detract from the requirement for a hearing. A "tribunal" has been defined as "[t]he seat of a judge; the place where he administers justice." *Black's Law Dictionary* 1350 (5th ed. 1979). Although the adjective "administrative" can be used in contradistinction to "judicial," 421 U.S. at 42, 95 S.Ct. at 1462, the intention cannot be to remove the requirement for a hearing where the noun is "tribunal." Many administrative agencies or boards conduct hearings, which are similar to court hearings. Thus the reference in the statute must be taken to mean a contested hearing before such an agency or board.

This is borne out by case law under the prior Bankruptcy Act. As mentioned, identical language was inserted in 1966 into the prior Bankruptcy Act. Before then, the only authority for the bankruptcy court to adjudicate taxes was contained in the tax priority provision of § 64(a)(4), 11 U.S.C. § 104(a)(4) (repealed 1978), which read: "Provided ... that, in case any question arises as to the amount or legality of any taxes, such question shall be heard and determined by the [bankruptcy] court." In *Arkansas Corporation Commission v. Thompson,* 313 U.S. 132, 61 S.Ct. 888, 85 L.Ed. 1244 (1941), the Arkansas Corporation Commission had held a hearing in which the taxpayer participated. The Commission fixed the value of the taxpayer's property and levied an assessment, from which no appeal was taken. The Court refused to permit § 64(a)(4) to be used to relitigate the matter. The Court stressed the quasi-judicial character of the Commission, pointing out that it had held a hearing at which testimony was taken under oath. It distinguished this process from what had transpired in *New Jersey v. Anderson,* 203 U.S. 483, 27 S.Ct. 137, 51 L.Ed. 284 (1906), where no hearing was held, stating that the assessors in *Anderson* had acted administratively rather than judicially. 313 U.S. at

143–44, 61 S.Ct. at 891–92. Congress presumably had the *Thompson* decision in mind when in 1966 it deleted the proviso contained in § 64(a)(4) and inserted § 2(a)(2A). The legislative history to § 505 of the present law refers to the *Thompson* case with respect to its statements concerning abstention.

No decision under § 505 has been brought to our attention, and we have found none, which involves taxes that have been disputed without a hearing before an administrative agency such as a Massachusetts board of assessors. The decisions to date have concerned either a complete default by the debtor or a contested hearing. Consistent with the *Thompson* case, however, the courts have stressed the quasi-judicial nature of the proceedings in cases where hearings were held. *E.g., In re El Tropicano, Inc.*, 128 B.R. 153 (Bankr. W.D.Tex.1991) (in holding that issue had been contested before and adjudicated by an administrative tribunal court stressed holding of the hearing and quasi-judicial nature of board); *In re Ishpeming Hotel Co.*, 70 B.R. 629, 632 (Bankr.W.D.Mich. 1986) (town board of review having authority to administer oaths and take testimony described as quasi-judicial and qualifying under statute); *In re Northwest Beverage, Inc.*, 46 B.R. 631, 635 (Bankr.N.D.Ill.1985) ("The hearings were adversarial and similar to court proceedings.").

### C. *Tax Payments For Which Refunds Are Sought*

 The towns, finally, say that the Debtors' claim for a refund of certain paid taxes is premature because the Debtors have not followed the procedure set forth in § 505(a)(2)(B) requiring either a prior refund request of the taxing authority and the authority's decision on the matter or the earlier lapse of 120 days. There are two weaknesses in this position. Where, as here, refunds are sought as an offset or counterclaim to the claim of the taxing authority, no refund claim need first be made. 124 Cong.Rec., H11110–11 (daily ed. Sept. 28, 1978), S17426–28 (daily ed. Oct. 6, 1978) (remarks of Rep. Edwards and Sen. DeConcini). Second, the statute speaks of the estate representative "properly" requesting a refund. I interpret this to refer to a request for a refund in accordance with the procedure prescribed under other applicable law for such a request. There is no separate administrative procedure in Massachusetts for the refund of local taxes as there is for federal income taxes. The only way to contest real estate taxes in Massachusetts is to file an application for abatement of the taxes. The real estate owner may do so whether or not he has paid the taxes. Mass.Ann.Laws ch. 59, § 59 (Law.Co-op.1990). The Debtors sought abatement of only some of these taxes and have taken no appeal; the time for requesting abatements of others has long since passed.

I disagree with the decision in *In re Qual Krom South, Inc.*, 119 B.R. 327 (Bankr.S.D.Fla.1990), which held that a federal income tax refund claim under § 505 was barred because the statute of limitations had run on such a claim outside of bankruptcy. The *Qual* decision ignores the statute's broad jurisdictional grant to determine taxes "whether or not paid" and the statute's failure to refer to any procedure or time limit other than the 120 day refund procedure. The *Qual* decision also does not take into account the goal of § 505 of preventing prejudice to creditors by reason of the debtor's default. Furthermore, the court's reliance upon the statute's reference to a court or tribunal "of competent jurisdiction" is particularly unpersuasive. Another decision in the same district, *In re Palm Beach Resort Properties, Inc.*, 51 B.R. 363 (Bankr.S.D.Fla.1985), adopts the better position—that § 505 gives the bankruptcy court jurisdiction to adjudicate taxes which were not seasonably contested.

### III. CONCLUSION

This court has the jurisdiction to adjudicate all the tax issues raised in both complaints. Separate orders have issued to this effect. The orders also schedule pretrials.