**In the Matter of EAST COAST BROKERS & PACKERS, INC., Debtor.**

**No. 89–03831–8B1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

July 9, 1992.

**500**

Scott Stichter, Tampa, Fla., for debtor.

Douglas R. Gardner, Tampa, Fla., U.S. Trustee, for Melvin B. Smith, Tax Collector.

## ORDER DENYING MOTION TO DISMISS OBJECTION TO CLAIM

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS MATTER came on for hearing upon the Objection to Claim filed by Debtor and the Motion to Dismiss filed by Melvin B. Smith, Tax Collector, Hillsborough County, Florida (Claimant). The Court, having reviewed the Objection to Claim and the Motion to Dismiss, and having heard argument of counsel, finds as follows:

The basic issue in this matter involves a conflict between the provisions of Section 505(a) of the Bankruptcy Code (11 U.S.C.) relating to a bankruptcy court's power to determine a debtor's tax liability and the provisions of Section 194.171(2) of the Florida Statutes limiting the time within which a taxpayer may contest a tax assessment. This is a core matter over which the Court has jurisdiction. 28 U.S.C. § 157(b)(2); 28 U.S.C. § 1334.

On June 2, 1989, Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On November 16, 1989, Claimant filed its claim (Claim # 39) for 1989 *ad valorem* tangible personal property taxes. On February 25, 1991, Debtor filed its Second Amended Plan of Reorganization which was confirmed by order of this Court dated April 8, 1991. On July 19, 1991, Debtor filed its Objection to Claim which disputed the claim of Claimant. On February 21, 1992, Claimant filed its Motion to Dismiss which sought to have Debtor's Objection to Claim dismissed.

Claimant's Motion to Dismiss asserted Debtor was barred from contesting Claimant's tax claim by the provisions of Section 194.171(2) of the Florida Statutes which provides:

No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.-122(2), or after 60 days from the date a decision is rendered concerning such assessment by the property appraisal adjustment board if a petition contesting the assessment had not received final action by the property appraisal adjustment board prior to extension of the roll under s. 197.323.

Debtor filed its 1989 tangible personal property tax return on March 31, 1989. The 1989 tax roll was certified for collection on October 18, 1989. Debtor has not pursued any remedies provided by the laws of Florida to challenge the 1989 tax assessment. Debtor's only challenge to the assessment occurred in the context of the Objection to Claim now under consideration.

Accordingly, Claimant maintains since more than 60 days passed between the certification of the 1989 tax roll and Debtor's filing its Objection to Claim, Debtor should be prevented from asserting any challenge to the claim by Section 194.171(2) of the Florida Statutes. Claimant argues since Florida law provides a speedy, efficient and complete method for challenging tax assessments, Debtor should be precluded from opposing the tax assessment at this late date by basic tenets of equity and the principles of full faith and credit.

Debtor relies upon Section 505 of the Bankruptcy Code arguing that the Court has authority to examine Debtor's tax liability. Section 505 provides:

(a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax ..., whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a

judicial or administrative tribunal of competent jurisdiction.

(2) The court may not so determine—

(A) the amount or legality of a tax ... if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title.

Since the tax liability in question here was neither contested before, nor adjudicated by, any judicial or administrative tribunal, Debtor argues this Court has the authority to evaluate Debtor's tax liability. Debtor further asserts the provisions of Section 505 override the full faith and credit doctrine. Finally, Debtor claims, as a matter of bankruptcy policy, the Court should exercise its discretion to determine Debtor's tax obligations.

This Court agrees with Debtor's characterization of the Court's authority and jurisdiction in this matter. It is clear the language of Section 505(a)(2) only deprives a bankruptcy court of its authority to determine a debtor's tax liability where that liability has been previously contested before and adjudicated by another authorized tribunal. The mere expiration of the time during which a debtor can pursue its state law remedies does not constitute a contest and adjudication. *Ledgemere Land Corp. v. Town of Ashland (In re Ledgemere Land Corp.)*, 135 B.R. 193 (Bankr.D.Mass. 1991); *In re A.H. Robins Company*, 126 B.R. 227 (Bankr.E.D.Va.1991).

This interpretation is consistent with the clear language and legislative history of Section 505, and the general policies underlying the Bankruptcy Code. Section 505 requires a prior contest and adjudication in order to block reconsideration of a debtor's tax liability by a bankruptcy court. No consideration is given to the situation where a debtor fails to pursue the remedies available under state law. In fact, the primary purpose behind Section 505 is protection of the estate from the potential loss incurred because of a debtor's failure, due either to financial inability or mere indifference, to contest potentially incorrect tax assessments. *City Vending v. Okla. Tax Comm'n*, 898 F.2d 122, 125 (10th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 75, 112 L.Ed.2d 48 (1990). The legislative history indicates Congress did not intend to alter the previous standards of Section 2a(2A) of the Bankruptcy Act of 1898 which required more than a mere default in a prior proceeding to meet the requirement of contest and adjudication. *In re Tapp*, 16 B.R. 315 (Bankr.D.Alaska 1981). In this case, holding Debtor to the time limitations created by state law for challenging the assessment would subvert the clear purpose and intent of Section 505.

As to the applicability of the full faith and credit doctrine to the Court's power to review Debtor's tax liability under Section 505 of the Bankruptcy Code, the Court finds Section 505 predominates with regard to any challenge of tax liability. Full faith and credit, as it applies to the relationship between the federal courts and state laws, is primarily governed by 28 U.S.C. § 1738 which directs the federal courts to accord full faith and credit to properly authenticated acts of the states. As already discussed, Section 505 permits a bankruptcy court to determine a debtor's tax liability where there was no previous contest and adjudication. Such a clear mandate in the Bankruptcy Code indicates Congress intended applicability of 28 U.S.C. § 1738 to be limited by the provisions of Section 505. *Ledgemere Land Corp.*, 135 B.R. at 196; *In re Tapp*, 16 B.R. at 321.

Finally, although the Court has the power to determine Debtor's tax liability in this matter, according to the language of Section 505, that power is discretionary and may or may not be exercised depending upon the equities of a particular situation. The Court is aware that Claimant is burdened by Debtor's failure to challenge the tax assessment until approximately one and one-half years after the certification of the 1989 tax rolls. Furthermore, it is clear the principles of equity may bar a debtor from raising challenges or instituting litigation against a creditor where those disputes are not timely raised. *Oneida Motor Freight v. United Jersey Bank*, 848 F.2d 414 (3d Cir.), *cert. denied*, 488 U.S. 967, 109 S.Ct. 495, 102 L.Ed.2d 532 (1988); *Free-*

*dom Ford, Inc. v. Sun Bank and Trust Co.,* 140 B.R. 585 (Bankr.M.D.Fla.1992). However, the facts of this case do not warrant the use of the Court's discretion to block Debtor's Objection on the merits. The possibility of claim litigation is one which all creditors participating in a bankruptcy case face and is a necessary aspect of any bankruptcy case if the Bankruptcy Code's goal of maximizing distribution to all creditors is to be achieved. The potential benefits in this case to the estate and creditors of the estate of a reduction of Debtor's tax liability outweigh any burden on Claimant of having to defend the tax assessment at this point.

This Court finds, however, that Debtor has failed to state with particularity the basis for its Objection to Claim. Such Objection must be amended to afford Claimant ample information upon which to defend his claim.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss filed by Melvin B. Smith, Tax Collector, Hillsborough County, Florida, is denied. It is further

ORDERED, ADJUDGED AND DECREED that Debtor's Objection to Claim of Melvin B. Smith, Tax Collector, Hillsborough County, Florida (Claim # 39), shall be amended to set out with greater specificity the basis for objecting to Claimant's claim. Such amendment shall be filed within 15 days of the date of this Order, or the Objection to Claim # 39 will be deemed waived. It is further

ORDERED, ADJUDGED AND DECREED that if Debtor timely files an amended objection to claim, the Court will set the matter for final hearing by separate order.

DONE AND ORDERED.