In re HOME AND HOUSING OF DADE COUNTY, INC., Debtor.

METROPOLITAN DADE COUNTY, Appellant,

v.

SONEET KAPILA, Trustee, Appellee.

No. 95–1904–CIV.
Bankruptcy No. 93–14266–BKC–PGH.

United States District Court, S.D. Florida.

April 28, 1998.

Melinda Sterman Thornton, Dade County Attorney's Office, Miami, FL, for plaintiff.

Andrew R. Herron, Kelley Drye & Warren, Miami, FL, for defendant.

## ORDER REVERSING ORDER OF BANKRUPTCY COURT DETERMINING TAX LIABILITY PURSUANT TO 11 U.S.C. § 505

NESBITT, District Judge.

THIS CAUSE came before the Court upon an appeal of the **ORDER GRANTING IN PART AND DENYING IN PART TRUSTEE'S MOTION TO DETERMINE DEBTOR'S TAX LIABILITY FOR PRIOR YEARS' AD VALOREM REAL ESTATE AND TANGIBLE PERSONAL PROPERTY TAXES PURSUANT TO 11 U.S.C. § 505,** entered by Bankruptcy Judge Paul G. Hyman on July 13, 1995.

Under the authority of 11 U.S.C. § 505(a)(1), the bankruptcy court determined that the debtor is entitled to a charitable use exemption with respect to the taxes assessed by Dade County. Appellant, Metropolitan Dade County, contends that the bankruptcy

court erred by exempting the debtor's real and personal property from local taxation for the years 1989 through 1995.

## ISSUE ON APPEAL

The issues on appeal concern the allowance of tax exempt status for the debtor's properties, and whether the Florida statutory time bar to establish a charitable use tax exemption is applicable in a bankruptcy proceeding to determine the amount of the debtor's taxes where the debtor did not apply for the tax exemption within the prescribed time limit.

## STANDARD OF REVIEW

The interpretation and application of 11 U.S.C. § 505(a)(1) and the question of whether the bankruptcy court exceeded its authority in granting the debtor's charitable use exemption, are issues of law subject to *de novo* review by the district court. *See In re Meehan,* 102 F.3d 1209 (11th Cir.1997); *In re Englander,* 95 F.3d 1028, 1030 (11th Cir. 1996).

## FACTUAL AND PROCEDURAL BACKGROUND

The debtor in this Chapter 11 case is a non-profit corporation which owns and develops low-income housing projects. For some of the years in question, the debtor did not file applications for a charitable use exemption for its eight improved properties and one commercial property, nor did the debtor file for the exemption for its personal property. Metropolitan Dade County filed a proof of claim for taxes owed by the debtor which was calculated on the basis of non-exempt property values.

A Chapter 11 trustee was appointed to manage the debtor's business when it was determined by the bankruptcy court that the debtor was grossly mismanaging its affairs.

Dade County stipulated before the bankruptcy court that the debtor would have qualified for the charitable use exemption if the debtor had applied for the exemption on a timely basis. The bankruptcy court granted the exemption despite the debtor's failure to comply with the time requirement for the application under Florida law.

## DISCUSSION

The parties' arguments differ with respect to whether the requirement to apply for the state exemption for charitable use is within the category of procedures preempted by 11 U.S.C. § 505(a)(1). The question is whether it is proper to consider the exemption as a procedural issue with a non-binding time limit, as argued by the Chapter 11 bankruptcy trustee, or a substantive issue of entitlement governed by state law, as argued by Dade County.

The authority of the bankruptcy court to determine the debtor's tax liabilities is set forth in 11 U.S.C. § 505(a)(1), which provides:

> Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

### Appellant's Position

Dade County contends that the bankruptcy court improperly exercised its authority to grant the debtor's tax exemption because the bankruptcy court did not apply Florida law, which requires a timely application to qualify for exempt status. Appellant argues that (1) there can be no exemption granted for property if there was no application filed seeking the exemption; and (2) the bankruptcy court does not have the authority to preempt the threshold requirement and time limitation to establish entitlement to the tax exemption.

Appellant relies on Section 196.011(1), Fla. Stat., which states, in part, that:

> "Failure to make application when required, by March 1 of any year shall constitute a waiver of the exemption privilege for that year . . . [other than exceptions for homestead]."

Dade County acknowledges that 11 U.S.C. § 505(a)(1) preempts the state's procedure for the debtor/taxpayer to dispute an assessment, so that an incorrect tax assessment

may be redetermined by the bankruptcy court. However, the time limit to contest a tax assessment, set forth in Section 194.171(2), Fla.Stat., is not at issue in this case.

The County's arguments analyze the extent of the authority granted to the bankruptcy court under 11 U.S.C. 505(a)(1), which extends jurisdiction to adjudicate tax issues that are normally subject to the jurisdiction of other bodies as a matter of procedure. *See In re Ledgemere Land Corp.*, 135 B.R. 193, 196–97 (Bankr.D.Mass.1991) (discussing bankruptcy court's jurisdiction in matters of taxation).

The County asserts that the property appraiser made a correct assessment in the manner dictated by state law. Relying on *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979), Appellant argues that property interests should not be analyzed differently solely because a bankruptcy proceeding is involved, except to the extent that there is an overriding federal interest.

Therefore, the issue on appeal concerns the principle of giving full faith and credit to the state law upon which a tax is based. *See Matter of Pine Knob Inv.*, 20 B.R. 714, 716 (Bankr.E.D.Mich.1982) (citing *Ark. Corp. Comm. v. Thompson*, 313 U.S. 132, 61 S.Ct. 888, 85 L.Ed. 1244 (1941)); *In re Ga. Air, Inc.*, 345 F.Supp. 636, 637 (N.D.Ga.1972).

### *Appellee's Position*

The trustee argues that 11 U.S.C. § 505(a)(1) advances a policy to protect creditors from the debtor's inaction, which includes the federal interest to have creditors receive maximum payment from the bankruptcy estate. Appellee asserts this position in response to Appellant's reliance on *Butner*, 440 U.S. at 55, 99 S.Ct. at 918, concerning a federal interest that may override state law.

The interpretation of 11 U.S.C. 505(a)(1) asserted by the trustee is that the bankruptcy court is empowered to determine the amount of the debtor's tax liability without being bound by state procedures. Appellee argues that the granting of the exemption for the debtor's properties is a procedure where the state time limit is not enforceable under Section 505(a)(1). Appellee relies on a statement made in *In re Piper Aircraft Corp.*, 171 B.R. 415, 418 (Bankr.S.D.Fla.1994), that: "[a] bankruptcy court has authority to determine the amount of a debtor's tax liability, notwithstanding the debtor's failure to comply with state law procedures." Appellee equates the deadline to contest an assessment with the deadline to apply for or renew tax exempt status, asserting that neither deadline is a bar when the bankruptcy court acts under the authority of 11 U.S.C. § 505(a)(1).

### *INTERPRETATION OF 11 U.S.C. § 505(a)(1)*

For the following reasons, the Court finds that Dade County's position correctly interprets the bankruptcy court's authority pursuant to 11 U.S.C. § 505(a)(1), and that the bankruptcy court erred in granting the debtor's properties tax exempt status:

The federal interest asserted by the trustee lacks merit because the asserted benefit to creditors does not take into account that the taxing authority is itself a creditor of the estate. Recovery of the tax claim of one creditor should not be minimized without a basis under the Bankruptcy Code as a means to maximize the amount to be paid to the other creditors.

The trustee's argument that time periods under state law are not binding is an overly broad statement. Appellee bases its argument on a statement which is taken out of context from cases which do not pertain to the issue of determining entitlement to tax exempt status. The trustee relies primarily on *Piper Aircraft, id.,* which addresses the issue of contesting an assessment, not the issue of establishing a tax exemption. Appellee does not cite to a single case that addresses whether the time limit to establish a state exemption is preempted. *See In re AWB Assoc.*, 144 B.R. 270 (Bankr.E.D.Pa. 1992); *In re East Coast Brokers & Packers, Inc.*, 142 B.R. 499 (Bankr.M.D.Fla.1992); *In re 499 W. Warren St. Assoc. Ltd. Partnership*, 143 B.R. 326 (Bankr.N.D.N.Y.1992); *In re Ledgemere Land Corp.*, 135 B.R. 193 (Bankr.D.Mass.1991); *In re Millsaps*, 133 B.R. 547 (Bankr.M.D.Fla.1991); *In re Palm*

*Beach Resort Properties,* 51 B.R. 363 (Bankr. S.D.Fla.1985).

There is a distinction between the bankruptcy court's authority to determine the amount of taxes, and the manner in which the bankruptcy court's authority was exercised in this case. The debtor is given a renewed opportunity to contest the amount due for taxation, and the bankruptcy court is not bound by the time limits to determine the amount of the taxes applicable in any other forum. *Piper Aircraft,* 171 B.R. at 418. However, contesting the amount of taxes due and establishing a basis for an exemption are two distinct matters, one involving an adjudication, and the other a grant of a statutory privilege.

If the matter were before a state forum, the decision-maker would be bound to apply Florida law to determine exempt status. The bankruptcy court, although not bound by the procedural time limit for hearing tax assessment issues, must comply with the time limit that relates to this substantive entitlement. *See Matter of Pine Knob Inv.,* 20 B.R. 714, 715–16 (Bankr.E.D.Mich.1982). The granting of the exemption must be based on an application of Florida law, which provides a statutory waiver of the exemption for failure to timely apply. *See Mun. Utilities Bd. of Albertville v. Ala. Power Co.,* 21 F.3d 384, 387 (11th Cir.1994) (construing state statute). Florida law provides that if the exemption is not timely applied for, exempt status may not be granted for property, even if it would otherwise qualify. *See Blake v. Miami Jewish Home and Hosp. for Aged, Inc.,* 361 So.2d 797 (Fla.App.1978) (failure to file annual application or certified statement constitutes waiver of tax exempt status). The granting of an exemption under Florida law is strictly construed, where the applicant is required to comply with all conditions. *Dade County v. Cedars of Lebanon Hosp. Corp.,* 355 So.2d 1202, 1205 (Fla.1978); *Horne v. Markham,* 288 So.2d 196, 199 (Fla. 1973).

The Court finds that the qualification under state law for the exemption is outside the scope of non-binding state procedural time limits. Section 505(a)(1) sets forth authority for adjudication in the bankruptcy court, but does not provide the broad authority to waive the time limit for qualification for a state exemption. *See AWB Assoc.,* 144 B.R. at 273 (state law controls the substance of a claim); *In re Persky,* 134 B.R. 81, 85 (Bankr. E.D.N.Y.1991) (respect of state rules of property).

The bankruptcy court incorrectly viewed the exemption issue as a procedural matter where the time limit under Florida law is superseded by the provisions of 11 U.S.C. § 505(a)(1). Therefore, the bankruptcy court did not require the trustee on behalf of the taxpayer to meet the burden of proof for establishing the entitlement to the tax exemption. *See Jar Corp. v. Culbertson,* 246 So.2d 144, 145 (Fla.App.1971).

The Court finds no basis under the law to permit a waived tax exemption entitlement to be resurrected after the time has expired so that the statutorily waived remedy becomes available when a debtor files for bankruptcy protection. Allowing a debtor to cure its past non-compliance with a statutory time limit for purposes other than to seek the correct assessment and legality of taxes would provide an unfair advantage to debtors that is not within the scope of 11 U.S.C. § 505(a)(1). Furthermore, the adoption of such a policy would provide an incentive to debtors to misuse the bankruptcy process.

### CONCLUSION

The Court concludes, upon consideration of the parties arguments, the briefs and the record, that the Order of the bankruptcy court, applying 11 U.S.C. § 505, incorrectly determined the debtor's tax liability to Metropolitan Dade County by not enforcing the time requirement to establish entitlement to the charitable use tax exemption. Qualifying for that tax exempt status is outside the scope of state procedures and time bars which are preempted by 11 U.S.C. § 505(a)(1). Accordingly, it is

ORDERED AND ADJUDGED that the **Order Granting in Part and Denying in Part Trustee's Motion to Determine Debtor's Tax Liability for Prior Years' Ad Valorem Real Estate and Tangible Personal Property Taxes Pursuant to 11 U.S.C.**

§ 505 is REVERSED, VACATED, and RE-MANDED, with instructions to the bankruptcy court to determine the amount of the debtor's taxes owed to Metropolitan Dade County in accordance with the law of the State of Florida.

### Appendix

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re: HOME AND HOUSING
OF DADE, INC., Debtor.

CASE NO. 93-14266-BKC-PGH

CHAPTER 11

Filed July 13, 1998.

*ORDER GRANTING IN PART AND DENYING IN PART TRUSTEE'S MOTION TO DETERMINE DEBTOR'S TAX LIABILITY FOR PRIOR YEARS' AD VALOREM REAL ESTATE AND TANGIBLE PERSONAL PROPERTY TAXES PURSUANT TO 11 U.S.C. § 505*

THIS MATTER came before the Court on April 14, 1995 at 9:30 a.m. and concluded on April 20, 1995 at 9:30 a.m. to consider the Trustee's Motion to Determine Debtor's Tax Liability for Prior Years' Ad Valorem Real Estate and Tangible Personal Property Taxes Pursuant to 11 U.S.C. § 505 (the "Motion"). The Motion was brought by Soneet R. Kapila, as chapter 11 trustee (the "Trustee") for the estate of the debtor, Home and Housing of Dade, Inc. (the "Debtor"). The respondent to the Motion is the Dade County Tax Collector (the "County").

### I. *STIPULATED FACTS*

The relevant facts, as stipulated by the parties in a joint pre-hearing stipulation (the "Stipulation"), as set forth in an uncontested written proffer of facts offered by the Trustee (the "Proffer"), and further evidenced by the Court file in this case, are as follows:

A. On October 29, 1993 the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. On June 22, 1994 this Court appointed a chapter 11 trustee for the Debtor and subsequently approved the appointment of the Trustee as chapter 11 trustee.

B. The Debtor was incorporated in 1971 as a nonprofit corporation and has maintained such status since then. The Debtor's primary business has been the development and management of low-income housing projects and single-family homes in Dade County, Florida.

C. The Debtor has qualified as a charitable organization pursuant to section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3).

D. Pursuant to Florida Statutes § 196.011, a qualified owner must file an application for exemption from ad valorem real estate and tangible personal property taxes, (collectively, the "Taxes") (or a statement of oath renewing a previously granted exemption) no later than March 1 of the subject year, failing which the exemption is waived.

E. The Debtor owns the following property:

(i) *Improved Properties.* The Improved Properties consist of apartment buildings, single family residences and adjacent parking lots. In 1988, the Debtor applied for and obtained a charitable exemption from the Taxes with respect to the Improved Properties pursuant to Florida Statute §§ 196.192, 196.195 and 196.196. The Debtor subsequently failed to file a new application or statement of oath pursuant to Florida Statute § 196.011 so as to maintain its tax exempt status as to the Improved Properties for the years 1989 through 1992.

(ii) *Vacant Lots.* The Vacant Lots are vacant, unimproved properties held by the Debtor. The Debtor has profered for the Court that the Vacant Lots are being held for future development of low income housing. As set forth in the Proffer, the Debtor commenced preliminary development of some of the Vacant Lots, consisting of the preparation of site plans, engineering reports and surveys. In 1993, the Debtor applied for a charitable exemption from the Taxes with respect to the Vacant Lots pursuant to Flori-

da Statute §§ 196.192, 196.195 and 196.196. The Dade County Property Appraiser denied such exemption and the Debtor appealed to the Dade County Value Adjustment Board, which overruled the denial and granted the exemption. The County appealed the decision of the Value Adjustment Board, which appeal was pending when the Debtor commenced its Bankruptcy Case.

(iii) *Commercial Property.* The Commercial Property is a commercial building and related property which the parties have stipulated is used fifty percent (50%) as the Debtor's principal place of business and fifty percent (50%) for general commercial business unrelated to the Debtor's business. In 1988, the Debtor applied for and obtained a charitable exemption from the Taxes with respect to the Commercial Property pursuant to Florida Statute §§ 196.192, 196.195 and 196.196. The Debtor subsequently failed to file the required statement of oath pursuant to Florida Statute § 196.011 so as to maintain its tax exempt status as to the Commercial Property for the years 1989 through 1994.

(iv) *Personal Property.* The Personal Property comprises of all of the Debtor's tangible personal property. For the years 1988–1994, the Debtor did not apply for a charitable exemption from the Taxes with respect to the Personal Property pursuant to Florida Statute §§ 196.192, 196.195 and 196.196. (The property set forth and described in subsections (i)(iv) above are sometimes collectively referred to as the "Subject Properties").

F. With respect to all of the Subject Properties, to the extent the Debtor failed to obtain or maintain tax-exempt status, the County assessed property values at nonexempt levels and has filed a proof of claim reflecting taxes owed on such assessments.

G. Within the meaning of 11 U.S.C. § 505(a), neither the amount nor the legality of the Taxes were contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the Debtor's bankruptcy case.

## II. *FINDINGS BY THE COURT*

In addition to the stipulated facts, the Court hereby makes the following additional findings of fact relevant to its decision herein:

A. The Court appointed a chapter 11 trustee in this case as a consequence of gross mismanagement of the Debtor's affairs and the failure to reasonably maintain the Debtor's properties.

B. To the extent not otherwise referred to above, the Court hereby incorporates by reference the findings of fact placed on the record at the hearings.

## III. *ISSUES TO BE DECIDED*

The issues framed by the Motion and stipulated to by the parties for this Court's determination are:

A. With respect to all of the Subject Properties, whether the Debtor's failure to apply for charitable exemptions with regard to the Taxes pursuant to Florida law precludes the Court from determining that, pursuant to 11 U.S.C. § 505, the Debtor is entitled to such charitable exemptions.

B. With respect to the Vacant Lots, whether the Debtor is otherwise entitled to charitable exemptions with regard to the Taxes under Florida Law.

## IV. *DISCUSSION*

### A. *Failure to Apply for Charitable Exemptions*

With the exception of the Vacant Lots and fifty percent (50%) of the Commercial Property, the County has stipulated that the Debtor used the Subject Properties for a qualified charitable purpose and would have been entitled to a charitable exemption from the Taxes for the years in question but for the Debtor's failure to apply for or renew such charitable exemption as required by Florida law. As such, this portion of the Court's ruling pertains to the Subject Properties except for the Vacant Lots and fifty percent (50%) of the Commercial Property (herein, the "Exempt Properties").

The Trustee asks this Court to use its authority under 11 U.S.C. § 505(a) to deter-

mine the Debtor's tax liability for prior years, giving effect to the exemption from the Taxes as a result of a charitable use of the Exempt Properties to which the Debtor would have been entitled had the Debtor timely applied for or filed renewals of its charitable exemption from the Taxes in accordance with state law procedures. Under section 505(a) of the Bankruptcy Code, the bankruptcy court "may determine the amount or legality of any tax," provided the amount or legality of the tax was not contested and adjudicated before a judicial or administrative tribunal of competent jurisdiction prior to the commencement of the bankruptcy case. 11 U.S.C. § 505(a). The plain language of the statute grants bankruptcy courts the authority to determine *any tax*, provided it has not been previously contested. In the present case, no prior adjudication has occurred.

The County does not contest the Court's jurisdiction to determine tax liability under section 505, however the County contends that 11 U.S.C. § 505 is more limited in scope. The County argues that the Court is bound by state law requirements regarding entitlement to tax exemptions, under the theory that property interests are creatures of state law. Specifically, the County argues that the Court cannot determine that the Debtor is entitled to an exemption created by state law for the tax years in which the Debtor did not timely file an application for or renewal of such exemption as required by state law.

The Court finds the Trustee's position to be persuasive and consistent with the decisional law in this district and the intent of section 505 of the Bankruptcy Code. *In re Piper Aircraft Corp.*, 171 B.R. 415 (Bankr. S.D.Fla.1994) (Mark, J.); *In Re East Coast Brokers & Packers, Inc.*, 142 B.R. 499 (Bankr.M.D.Fla.1992); *In Re AWB Associates, G.P.*, 144 B.R. 270 (Bankr.E.D.Pa.1992); *In Re Millsaps*, 133 B.R. 547 (Bankr. M.D.Fla.1991); *In Re Ledgemere Land Corp.*, 135 B.R. 193 (Bankr.D.Mass.1991); *In re Palm Beach Resort Properties*, 51 B.R. 363 (Bankr.S.D.Fla.1985) (Britton, J.). These cases, including *Piper*, which is a recent decision from this district, uniformly stand for the proposition that "[a] bankruptcy court has authority to determine the amount of a debtor's tax liability, notwithstanding the debtor's failure to comply with state law procedures." *Piper*, 171 B.R. at 418; *See also, AWB Associates*, 144 B.R. at 278; *East Coast Packers*, 142 B.R. at 501; *Ledgemere*, 135 B.R. at 196–97.

Section 505 was enacted to protect creditors from dissipation of an estate's assets which could result if a debtor were bound by a tax judgment which the debtor, due to financial inability or otherwise, failed to contest. The Court appointed the Trustee in this case because of gross mismanagement of the Debtor's affairs. Such mismanagement is evidenced by, *inter alia*, the Debtor's failure since 1989 to renew or apply for its tax exempt status, a relatively simple procedure. This failure resulted in the County denying the Debtor its tax exempt status vis-a-vis the property taxes. The creditors of this estate, other than the County stand to be severely prejudiced by such failure. The Court finds the instant case to be a classic example of what section 505 was intended to correct, and holds that the Court is empowered to determine the Debtor's tax liability notwithstanding the Debtor's failure to comply with applicable state law procedures. In light of the charitable use of the Exempt Properties, the Debtor is entitled to the charitable exemption from the Taxes for tax years 1989 forward and the Debtor's liability for such Taxes shall be limited to the Taxes recalculated at tax exempt levels.

## B. *Entitlement to Charitable Exemptions for the Vacant Lots*

Even assuming the Court's power to determine the Debtor's tax liability notwithstanding otherwise applicable state law procedures, the County contends that the Debtor would nonetheless not be entitled to any charitable exemption from the Taxes with respect to the Vacant Lots because the Debtor did not *actually* use the Vacant Lots for charitable purposes. Pursuant to Florida law, the owner of property is entitled a charitable tax exemption only with respect to property which is **actually used** for a charitable purpose. *Dade County Taxing Au-*

*thorities v. Cedars of Lebanon Hospital,* 355 So.2d 1202 (Fla.1978). The Trustee contends that the Vacant Lots were and are actually used for charitable purposes to the extent that they are being held for future development of low income housing. Moreover, as set forth in the Proffer, the Trustee proffered additional evidence of actual use in the form of various preliminary development activities which have been undertaken with respect to certain of the Vacant Lots, including the obtaining of engineering reports, surveys and site plans.

The Court holds that actual use as defined by the *Cedars* case requires actual activity on the property demonstrating charitable use. Neither holding the property for future charitable use nor the commencement of preliminary development activities in connection therewith is sufficient actual use under *Cedars* so as to entitle the owner to a charitable tax exemption. Accordingly, the Debtor is not entitled to the benefits of charitable exemptions from the Taxes with respect to the Vacant Lots.

### C. *Commercial Property*

As set forth hereinabove, the Court has already determined that the Debtor is entitled to a charitable exemption from the Taxes with regard to the fifty percent (50%) of the Commercial Property which has been used for a charitable purpose. The parties do not contend, nor do the facts support the Debtor's entitlement to a charitable exemption from the Taxes with respect to the second fifty percent (50%) of the Commercial Property. Accordingly, the second fifty percent (50%) of the Commercial Property shall be fully taxable by the County.[1]

### V. *ORDER*

Accordingly, the Court having considered the Motion, the Stipulation, the Proffer, and the memoranda filed by the parties; having heard the arguments of counsel, having considered the evidence adduced; and being otherwise fully advised, hereby

ORDERS and ADJUDGES as follows:

1. The Motion is granted with respect to the Improved Properties, the Personal Property and fifty percent (50%) of the Commercial Property, for the reasons set forth hereinabove. Pursuant to 11 U.S.C. § 505(a), the Court shall determine the Debtor's tax liability for prior years as follows: the Debtor's tax liability in connection with the above-described properties shall be assessed for the tax years 1989 forward at the rates applicable to an owner of property who is entitled to a tax exemption for charitable use pursuant to Florida Statute §§ 196.192, 196.195 and 196.196.

2. The Motion is denied with respect to the Vacant Lots for the reasons set forth hereinabove. The Debtor's tax liability with respect to the Vacant Lots for the tax years 1993 and forward shall be determined, and if necessary, re-determined at applicable rates with no tax exemption for charitable use.

DONE AND ORDERED in the Southern District of Florida this 13th day of July, 1995.

**PAUL HYMAN**

PAUL G. HYMAN, JR., JUDGE

United States Bankruptcy Court

---

1. For purposes of calculating the tax due on the Commercial Property for the years 1989 forward, one half of the assessed value should be taxed in full and one half of the assessed value should be taxed at the rate applicable to property entitled to a charitable tax exemption.